UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIMOTHY D. PATE** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER:  22-5139** |
| **WADE MOODY AND SHIRLEY A. MOODY** | **SECTION:  "H" (1)** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Timothy Pate filed the above-captioned matter in which he appears to raise a breach of contract claim against defendants Wade Moody and Shirley A. Moody arising out of a Residential Purchase Agreement pursuant to which a business entity named Infinite Enterprises Inc. has purportedly agreed to purchase a single-family home from the defendants for $250,000.[1] Because there is no basis for federal jurisdiction over his claims, it is RECOMMENDED that this lawsuit be DISMISSED for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B).

### Background

Mr. Pate filed this lawsuit on December 8, 2022. It is clear from the face of the complaint that he and the defendants are Louisiana residents. Mr. Pate alleges that the parties entered a Residential Purchase Agreement that spells out what the parties are required to do when a dispute arises. He alleges that the amount in controversy is $6,600, which he describes as "Sep rent paid to John (they say I was refunded. I wasn't." He alleges that after missing three payments he offered new payment terms, "to no avail." He appears to request that the court compel the defendants to participate in arbitration. He invokes the Federal Arbitration Act, his First Amendment Right to redress grievances, and his Fourteenth Amendment right to due process.

---

[1] The court notes that the Residential Purchase Agreement does not include a signature page. It is not clear whether the Agreement was executed.

1

When Mr. Pate filed his Complaint, he also filed a motion for leave to proceed in forma pauperis. On December 19, 2022, the Court granted him leave to proceed in forma pauperis, but ordered that summons be withheld and that Mr. Pate show cause by Wednesday January 18, 2023, why this case should not be summarily dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B). Mr. Pate has not responded to the court's order.

## Law and Analysis

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
>     (B) the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). "[A] complaint fails to state a claim upon which relief may be granted when it does not contain 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Rogers v. Boatright, 709 F.3d 403, 407 (5th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Further, federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court "'shall dismiss the action' whenever 'it appears by suggestion

of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

Mr. Pate alleges that his claim arises under the First Amendment and the Fourteenth Amendment of the United States Constitution because he has been denied his right to due process and his right to grievance. However, the First Amendment right invoked by Mr. Pate is the right "to *petition the Government* for a redress of grievances." U.S. Const. amend I (emphasis added). Moreover, the First Amendment prohibits government actors, not private individuals, from restricting the rights enumerated therein. E.g., Denver Area Educ. Telecomms Consortium, Inc. v. F.C.C., 518 U.S. 727, 737 (1996); Manhattan Cmty. Access Corp. v. Halleck, 139 S. Ct. 1921, 1928 (2019). Mr. Pate's Complaint concerns a dispute with private actors and an apparent request that they be compelled to proceed to mediation or arbitration. There does not seem to be any state actor involved or any attempt to petition the Government for a redress of grievances. Mr. Pate has filed this lawsuit, and there is no indication in the complaint that the defendants have hindered him from doing so. Mr. Pate has provided no factual basis to establish a violation of his First Amendment rights.

Similarly, Mr. Pate cannot state a claim under the Due Process Clause of the Fourteenth Amendment unless he alleges his rights have been violated by a state actor. DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195 (1989) ("[The Due Process Clause] forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means."). There is no such allegation in the Complaint. Accordingly, there is no basis for a Fourteenth Amendment claim either.

Mr. Pate also invokes the Federal Arbitration Act ("FAA"), arguing that defendants have failed to follow the agreed terms and conditions. But the FAA does not establish an independent basis for federal jurisdiction. Snap-on Tools Corp. v. Mason, 18 F.3d 1261, 1267 n. 7 (5th Cir. 1994). "[T]here must be diversity of citizenship or some other independent basis for federal jurisdiction before [an order compelling arbitration] can issue." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 26 n. 32 (1983).

To the extent Mr. Pate attempts to rely on diversity jurisdiction, his Complaint does not meet the requirements of 28 U.S.C. § 1332. In order for the Court to exercise diversity jurisdiction under 28 U.S.C. § 1332, the citizenship of the plaintiff must be different from the citizenship of all of the defendants and the amount in controversy must be in excess of $75,000.  28 U.S.C. § 1332; see Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988). The amount in controversy is determined by consideration of the complaint itself. Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961).

Mr. Pate's lawsuit could be construed as asserting a state law breach of contract claim arising out of the Residential Purchase Agreement.[2] But Mr. Pate and the defendants are all Louisiana residents. Diversity is not complete. Moreover, the amount in controversy is alleged to be $6,600. That does not meet the minimum requirement for federal jurisdiction to attach. Accordingly, Mr. Pate cannot establish diversity jurisdiction under 28 U.S.C. § 1332.

The Court finds that it lacks subject matter jurisdiction over Mr. Pates' claims under § 1331 or § 1332. Accordingly,

**IT IS RECOMMENDED** that this lawsuit be DISMISSED for lack of subject-matter jurisdiction, without prejudice to the filing of Plaintiff's claims in the appropriate state forum.

---

[2] The court notes that Pate himself is not a party to the Residential Purchase Agreement attached to the complaint. The entity Infinite Enterprises Inc. is listed as having a Metairie address and appears to be a Louisiana entity.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 25th day of January, 2023.

_____
Janis van Meerveld
United States Magistrate Judge